UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| RAMASAMI GUNABALAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 17-505-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without counsel, Petitioner Ramasami Gunabalan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a Court order that he be placed in a Residential Reentry Center ("RRC") community correction home detention program [R. 1],[1] as well as a motion styled as a "Motion for Sectional Nonviolent Relief Act of 2017" requesting that the Court order the Bureau of Prisons ("BOP") to release him to home detention. [R. 2].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached

---

[1] Gunabalan has named the United States of America as the respondent in this proceeding, but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will therefore substitute Francisco Quintana, Warden of the Federal Medical Center-Lexington, as the respondent.

exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his petition, Gunabalan alleges in broad, conclusory terms that he meets the requirements for pre-release placement on home detention.  [R. 1].  However, Gunabalan makes no effort to provide the necessary factual support for his claims, nor does he make any legal argument as to why such facts, if proven, would entitle him to relief.  At most, he cites the factors to be considered by the BOP when making RRC placement decisions and then concludes, with no explanation, that he meets these requirements.  The Court has an obligation to liberally construe pleadings filed by a person proceeding without counsel, but it has no authority to create arguments or claims that he or she has not made.  *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.").

Moreover, although RRC placement and home confinement are helpful resources for readjustment to society, a federal prisoner does not have a constitutionally protected right to serve the final

twelve months of his sentence in either a RRC or in home confinement. The Second Chance Act of 2007, which is cited by Gunabalan, only requires the BOP to *consider* placing an inmate in an RRC or in home confinement for up to twelve-months; it does not automatically entitle, or guarantee, any prisoner such placement for twelve months. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. CV 5:15-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010).

Finally, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Gunabalan fails to indicate whether he has even presented his request for RRC or home detention placement to the BOP. Even if he had made such a request to the BOP, the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

For each of the foregoing reasons, Gunabalan's petition must be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Francisco Quintana, Warden of the Federal Medical Center in Lexington, Kentucky, is **SUBSTITUTED** as the respondent in this proceeding.

2. Petitioner Gunabalan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. Gunabalan's Motion for Sectional Nonviolent Relief Act of 2017" [R. 2] is **DENIED**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of May, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge